## Taubel Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Harold J. Budd, Budd and Bertas, J. Brooke Aker,* and *Smith, Cahill & Aker,* for petitioners.

*Michael vonMoschzisker* and *Wolf, Block, Schorr & Solis-Cohen,* for respondents.

LEFEVER, J., December 6, 1963.—By deed dated July 15, 1927, Clarence H. Taubel and Julia C. Taubel, as part of a marital separation agreement, established a sizeable trust with Fidelity-Philadelphia Trust Company as trustee. Under the terms of the trust, the net income, together with principal in the amount of $2,500, is payable annually to Julia C. Taubel for life, and on her death, the net income (but no principal), is to be paid to settlor's daughter, Doris Mae Taubel Loring, for life. Upon the death of the survivor of Julia and Doris, the deed specifies that the then-remaining principal is to be paid over to Clarence H. Taubel "if living, or if he be not then living, the same shall be disposed of as part of his estate."

Clarence H. Taubel subsequently married Lillian E. Taubel. He died on March 29, 1940, leaving a will wherein he gave his entire estate to his widow, Lillian. Thereafter, Lillian married and then divorced Newton Badgett. Lillian died intestate on November 1, 1958, survived by a child, Andrea Badgett Taubel, born of Lillian's second marriage. Andrea is the sole heir of her mother's estate. Blanche E. Benner and the The First Pennsylvania Banking and Trust Company are guardians of the minor's estate by appointment of the Orphans' Court of Montgomery County.

On November 23, 1962, Judge Bolger filed an adjudication sur the "Second Account of Fidelity-Philadelphia Trust Company, Trustee." Therein, he stated that

Julia C. Taubel, life tenant, and Doris Neal Taubel, successor life tenant "are living." His adjudication noted: "It is stated that the settlor was adjudicated a bankrupt and his reversionary interest in the trust was sold by his trustee in bankruptcy to Philayork Corporation." However, he did not decide who is entitled to the remainder. His adjudication concluded: "There was no objection to the account which shows a balance of principal of $178,780.47 which . . .is awarded to the accountant in trust for the uses and purposes set forth in the Deed."

The guardians of Andrea's estate now petition this court for a review of the adjudication of Judge Bolger. They seek a present decision by this court that Andrea will be entitled to the remainder of this trust at the death of the survivor of Julia C. Taubel, now aged 78, and Doris Mae Taubel Loring, now aged 46.

Subsequent to the creation of the trust, Clarence H. Taubel filed a voluntary petition in bankruptcy. On March 9, 1935, the trustee in bankruptcy executed a bill of sale which purported to transfer to Philayork Corporation "the entire right, title and interest of Clarence H. Taubel" in the July 15, 1927, trust for a consideration of $1,000.

Answers to the pending petition were filed by Julia, Doris, and the assignees of Philayork Corporation, challenging the right of review.

The petition cannot be granted, inter alia, for the following reasons:

1. Petitioners are not the proper parties. Lillian E. Taubel, widow, was entitled to the entire estate of Taubel under his will. Since she is dead, her personal representative is the proper party to bring any action with respect to her interest in his estate, and not her daughter or the latter's guardians, whose rights, if any, are only derivative: Ginsberg Estate, January

term, 1924, no. 247, decided by this court on November 15, 1963 (31 D. & C. 2d 623).

2. It is well established that this court will not determine who is entitled to the remainder of a trust, while a valid life estate is subsisting: Quigley's Estate, 329 Pa. 281, where the court stated, at pages 288 and 294:

"The relative contentions of the parties thus summarized outline problems of considerable legal interest, but the question arises at the very threshold of inquiry as to whether they require solution at this time, in view of the fact that there is a valid outstanding life estate in appellant, with other admittedly valid limitations to follow.

"Since, therefore, as now held, the precedent life estates would not be affected in the present case even if the subsequent ones were to be declared invalid, there is no occasion for presently deciding whether or not such invalidity exists; such decision must wait until the necessity for it arises. This is in accordance with the uniform practice in such cases: . . ."

Here, Julia, the life tenant, and the succeeding life tenant, Doris, are alive. The latter being only 46 years of age, this trust may well subsist for another 25 or 50 years. No one can now predict when the trust will terminate, what will be the then amount of the principal of the trust, who will then be surviving, or other pertinent factors which will then exist. "Sufficient unto the day is the evil thereof." We adhere to the long established custom, adopted by our distinguished predecessors, not to determine at this time who will be entitled to the remainder in this case.

3. The determination of who is entitled to the remainder may well be a question of law rather than of fact. However, if the facts are important, the present proceeding is not the proper method to preserve testimony for posterity.

4. This court has no power to attack, collaterally, the decree of the bankruptcy court. If we had the power, comity would preclude our exercising it.

5. Judge Bolger awarded the principal back to the accountant "for the uses and purposes set forth in the Deed." This was clearly correct. There is nothing in the adjudication which decides the rights, if any, which Andrea has in the remainder. Therefore, there is nothing to review. The burden is upon petitioners to show a valid reason for review of an adjudication. They have failed to do so in this case.

Accordingly, December 6, 1963, the petition for review is denied.